JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB -4 1987

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 714

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SUPERMARKET "DOUBLE COUPONS" ANTITRUST LITIGATION

ORDER DENYING TRANSFER*

This litigation presently consists of two actions, one each pending in the District of Massachusetts and the District of Connecticut. Before the Panel is a motion by the Stop & Shop Companies, Inc. (Stop & Shop), a defendant in each action, to transfer these two actions to the District of Massachusetts and to consolidate them for both pretrial and trial, pursuant to 28 U.S.C. §1407(h).[1] Waldbaum, Inc., a defendant in the Massachusetts action, joins in the motion for transfer and consolidation. Plaintiffs the Commonwealth of Massachusetts and the State of Connecticut oppose the motion.

On the basis of the papers filed and the hearing held, the Panel finds that Section 1407(h) transfer and consolidation would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. These two actions are *parens patriae* actions brought under Section 4C of the Clayton Act,[2] and therefore the threshold requirement for Section 1407(h) treatment has been met. We observe, however, that the same

---

\*     Judge Louis H. Pollak took no part in the decision of this matter.

[1]   Section 1407(h) provides as follows:

    Notwithstanding the provisions of section 1404 or subsection (f) of this section, the judicial panel on multidistrict litigation may consolidate and transfer with or without the consent of the parties, for both pretrial purposes and for trial, any action brought under section 4C of the Clayton Act.

[2]   Section 4C of the Clayton Act provides, in pertinent part:

    Any attorney general of a State may bring a civil action in the name of such State, as parens patriae on behalf of natural persons residing in such State, in any district court of the United States having jurisdiction of the defendant, to secure monetary relief as provided in this section for injury sustained by such natural persons to their property by reason of any violation of section 1 to 7 of this title.

standards apply in determining the propriety of i) transfer for coordinated or consolidated pretrial proceedings under Section 1407(a), or ii) consolidation and transfer for both pretrial purposes and for trial under Section 1407(h). In this instance, we recognize that these two actions share some questions of fact, but movant has not persuaded us that transfer is desirable, in light of 1) the opposition to transfer registered by plaintiffs in the two actions before us; 2) the relatively advanced status of proceedings in the Massachusetts action; and 3) the pendency of these two actions in adjacent federal districts. Additionally, we point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, §31.13 (1985).

IT IS THEREFORE ORDERED that the motion for consolidation and transfer pursuant to 28 U.S.C. §1407(h) of the actions listed on the attached Schedule A be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

<u>MDL-714 -- In re Supermarket "Double Coupons" Antitrust Litigation</u>

    <u>District of Massachusetts</u>

<u>Commonwealth of Massachusetts v. First National Supermarkets, Inc., et al., C.A. No. 85-3835-K</u>

    <u>District of Connecticut</u>

<u>State of Connecticut, et al. v. The Stop & Shop Companies, Inc. et al., C.A. No. H86-688(AHN)</u>